UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALIK JERMONE HARRINGTON, | : |
| Petitioner, | : Civ. No. 15-0141 (RBK) |
| v. | : |
| WARDEN J. HOLLINGSWORTH, | : OPINION |
| Respondent. | : |

**ROBERT B. KUGLER, U.S.D.J.**

### I. INTRODUCTION

Petitioner is a federal prisoner who is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner seeks habeas relief on the grounds that the Federal Bureau of Prisons ("BOP") has improperly concluded that he is not eligible for a one-year reduction of his sentence if he successfully completes the Residential Drug Abuse Program ("RDAP"). For the following reasons, the habeas petition will be denied without prejudice due to a failure to exhaust administrative remedies.

### II. BACKGROUND

On February 2, 2013, petitioner was sentenced in the United States Court for the Middle District of Pennsylvania to one count of conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. § 846 after he pled guilty. Petitioner received an eighty-four month sentence. Assuming that petitioner receives all of the good time credits available to him, his current projected release date is August 13, 2017. (*See* Dkt. No. 6-2 at p.2)

In May, 2014, the BOP determined that petitioner was precluded from early release pursuant to 18 U.S.C. § 3621(e)(2)(B)[1] because the sentencing court adopted the Probation

---

[1] Section 3621(e) of Title 18 of the United States Code states in relevant part as follows as follows:

> (1) Phase-in.--In order to carry out the requirement of the last sentence of subsection (b) of this section, that every prisoner with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment, the Bureau of Prisons shall, subject to the availability of appropriations, provide residential substance abuse treatment (and make arrangements for appropriate aftercare)--
> > (A) for not less than 50 percent of eligible prisoners by the end of fiscal year 1995, with priority for such treatment accorded based on an eligible prisoner's proximity to release date;
> > (B) for not less than 75 percent of eligible prisoners by the end of fiscal year 1996, with priority for such treatment accorded based on an eligible prisoner's proximity to release date; and
> > (C) for all eligible prisoners by the end of fiscal year 1997 and thereafter, with priority for such treatment accorded based on an eligible prisoner's proximity to release date.
> (2) Incentive for prisoners' successful completion of treatment program.--
> > (A) Generally.--Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate. If the conditions of confinement are different from those the prisoner would have experienced absent the successful completion of the treatment, the Bureau shall periodically test the prisoner for substance abuse and discontinue such conditions on determining that substance abuse has recurred.
> > (B) Period of custody.--The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons,

2

Department's recommended two-point special offence characteristic enhancement at sentencing for possession of a firearm. The BOP specifically relied upon 28 C.F.R. § 550.55(b)(5)(ii), (iii) and (6) in determining that petitioner is not entitled to early release if he completes RDAP. These regulations state as follows:

> As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release . . . .
> (5) Inmates who have a current felony conviction for:
>  (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device);
>  (iii) An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another . . . .
> (6) Inmates who have been convicted of an attempt, conspiracy, or other offense which involved an underlying offense listed in paragraph (b)(4) and/or (b)(5) of this section.

28 C.F.R. § 550.55(b)(5)(ii), (iii) and (6). Petitioner did not file an administrative appeal/remedy from the BOP's decision that determined that he was precluded from early release under to 18 U.S.C. § 3621(e)(2)(B).

In January, 2015, this Court received petitioner's habeas petition. Petitioner challenges the BOP's decision precluding him from early release under the provisions of 18 U.S.C. § 3621(e) which would have made him eligible to receive up to a one-year earlier release if he completes the RDAP program. Petitioner admits that he did not seek relief through the administrative remedy process. According to petitioner, "it would be unproductive to do so in light of the fact that it is the policy of the Bureau's Central Office to agree with the decisions of the legal staff at the Designation and Sentence Computation Center which is the entity in this

---

> but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e).

3

case which rendered the decision precluding petitioner from an early release." (Dkt. No. 1 at p. 1) Petitioner contends that the BOP's use of the firearm enhancement on his federal conviction to preclude him from early release was unlawful and impermissible.

Respondent filed a response in opposition to the habeas petition. Respondent argues that petitioner failed to exhaust his administrative remedies. Alternatively, respondent asserts that petitioner's claims can be denied on the merits as well. Petitioner then filed a reply in support of his habeas petition.

### III. DISCUSSION

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies. *See Garcia v. United States,* 518 F. App'x 78, 79 (3d Cir. 2013) (citing *Moscato v. Fed. Bureau of Prisons,* 98 F.3d 757, 760 (3d Cir.1996). The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

*See Brown v. Hughes,* No. 12–4399, 2013 WL 2096634, *3 (D.N.J. May 14, 2013) (quoting *Goldberg v. Beeler,* 82 F. Supp. 2d 302, 309 (D.N.J. 1999), *aff'd,* 248 F.3d 1130 (3d Cir. 2000)); *see also Moscato,* 98 F.3d at 761. However, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. *See, e.g., Gambino v. Morris,* 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility). Indeed, the administrative exhaustion requirement may be excused if an attempt to obtain relief

4

would be futile or where the purposes of exhaustion would not be served. *See Woodall v. Fed. Bureau of Prisons,* 432 F.3d 235, 239 n.2 (3d Cir. 2005). Furthermore, "exhaustion is not required with regard to claims which turn only on statutory construction." *Coleman v. U.S. Parole Comm'n*, 15-3672, 2016 WL 1056084, at *2 (3d Cir. Mar. 17, 2016). Additionally, exhaustion could potentially be excused if it would subject the petitioner to irreparable injury or the actions of the agency clearly and unambiguously violate statutory or constitutional rights. *See, e.g.*, *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988). The exhaustion requirement though has been applied to claims regarding a prisoner's eligibility to receive a sentence reduction under the RDAP in 18 U.S.C. § 3621. *See Campbell v. Yost*, No. 07-0168, 2008 WL 2316556, at *2 (W.D. Pa. June 4, 2008) (citing *Beckley v. Miner*, 125 F. App'x 385, 389 (3d Cir. 2005); *Rosenfeld v. Samuels*, No. 07-2907, 2008 WL 819630, at *1 (D.N.J. Mar. 26, 2008)).

The BOP's Administrative Remedy Program is a multi-tier process that allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. The inmate first must attempt to informally resolve his issue with the institutional staff. *See id.* § 542.13(a). If informal resolution fails or is waived, the inmate then may submit a formal Administrative Remedy Request on the appropriate BP–9 form within twenty calendar days following the date for which the basis for the request occurred. *See id.* § 542.14(a). If the inmate is unsatisfied with the warden's response to his Administrative Remedy Request, he may submit an appeal on the BP–10 form to the appropriate Regional Director within twenty calendar days of the date the warden signed the response. *See id.* § 542.15(a). An inmate who is not satisfied with the Regional Director's response may appeal to the General Counsel on the appropriate BP–11 form within thirty calendar days of the date the Regional Director signed the response. *See id.* An inmate's appeal to the General Counsel is the final

administrative appeal. *See id.*; *see also Campbell*, 2008 WL 2316556, at *2 (setting forth administrative remedy process for an inmate who is challenging his eligibility for a reduction of his sentence for completing RDAP).

It is uncontested that petitioner did not exhaust his administrative remedies. Indeed, petitioner admits that he never filed an appeal after the BOP's initial determination that he was ineligible for a sentence reduction if he completes RDAP. Petitioner has not shown that exhaustion should be excused. Petitioner argues in his habeas petition that exhaustion would be futile because any appeal would just be affirmed during the administrative remedy process. However, an administrative appeal filed by petitioner would at a minimum allow a factual record to be developed and allow the agencies to apply their expertise to the issues presented. Furthermore, it has the potential to preserve judicial resources depending upon what happens during petitioner's administrative appeals.[2] Accordingly, for these reasons, the habeas petition will be denied without prejudice as petitioner has failed to exhaust his administrative remedies and has not shown that exhaustion should be excused. *Accord Bowens v. Terris*, No. 15-10203, 2015 WL 1808363, at *2 (E.D. Mich. Apr. 21, 2015) (collecting cases that "required prisoner to exhaust administrative remedies prior to seeking habeas relief on a claim that he or she was wrongly denied a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) for the successful completion of a drug treatment program"); *Hirman v. Jett*, 2012 WL 3025095, at *3 (D. Minn. June 2, 2012) (dismissing habeas petition without prejudice where petitioner failed to exhaust administrative remedies that he was ineligible to participate in RDAP), *report and recommendation adopted by*, 2012 WL 3021767 (D. Minn. July 24, 2012); *Giannini v. Hickey*,

---

[2] In his reply brief, petitioner states that there was no requirement that he exhaust his administrative remedies. (*See* Dkt. No. 7 at p. 2) However, petitioner is mistaken as discussed above.

6

No. 10-0049, 2010 WL 935796, at *3 (E.D. Ky. Mar. 11, 2010) (federal prisoner's failure to pursue administrative remedy process concerning RDAP issues precludes judicial review of § 2241 habeas petition); *Renteria v. Woodring*, No. 08-0747, 2008 WL 4500002, at *2-3 (C.D. Cal. Oct. 6, 2008) (dismissing habeas petition without prejudice where petitioner argued that BOP unlawfully denied him a sentence reduction for participating in RDAP where he did not exhaust his administrative remedies); *Campbell*, 2008 WL 2316556, at *3 (denying habeas petition where petitioner failed to exhaust his administrative remedies on claim that petitioner was erroneously denied eligibility to receive a sentence reduction under RDAP).

## IV. CONCLUSION

For the foregoing reasons, the habeas petition will be denied without prejudice as petitioner has failed to exhaust his administrative remedies. An appropriate order will be entered.

DATED: April 11, 2016

ROBERT B. KUGLER
United States District Judge